**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ECLINICALWORKS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | |
| DWISE HEALTHCARE IT | ) | |
| SOLUTIONS PVT. LTD. and | ) | **JURY DEMAND** |
| DWISE SOLUTIONS AND | ) | |
| SERVICES LLC d/b/a | ) | |
| "eClinicalStation" | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

Plaintiff ECLINICALWORKS, LLC ("eClinicalWorks") hereby states its

complaint against Defendants DWISE HEALTHCARE IT SOLUTIONS PVT.

LTD. ("dWise Healthcare") and DWISE SOLUTIONS AND SERVICES LLC

("dWise Solutions") d/b/a "eClinicalStation"(collectively, "dWise") as follows:

### INTRODUCTION

1.

dWise is deceptively doing business as "eClinicalStation" to directly

compete with eClinicalWorks in the electronic health records ("EHR") and

healthcare practice management industry, thereby passing itself off as being connected with or endorsed by eClinicalWorks when there is no such connection. Although given notice last fall of its illegal conduct, dWise – an India-based company that is actively seeking to increase its business in the United States – willfully continues to use the confusing name for its U.S. operations.

In addition to imitating the "eClinicalWorks" name down to how the letters are capitalized, dWise's "eClinicalStation" is also confusingly similar to the eClinicalWorks family of "eClinical"-based marks.  dWise's adoption of the "eClinical" name in the EHR and healthcare practice management industry is therefore designed to both confuse consumers and take advantage of eClinicalWorks' good will and reputation so dWise can gain a foothold in the United States and increase its market share at eClinicalWorks' expense.  This conduct violates the federal Lanham Act and state unfair competition laws, should be enjoined and eClinicalWorks should be awarded damages and dWise's profits.

**THE ACTION**

2.

This is a trademark infringement and dilution, cybersquatting and unfair competition action for damages and injunctive relief, specifically that eClinicalWorks be granted trebled monetary damages, punitive damages, dWise's

profits from its use of eClinicalStation, the cost for eClinicalWorks to disseminate corrective advertising and eClinicalWorks' attorney's fees, and that dWise be enjoined from using eClinicalStation, and that it transfer ownership of the domains <eclinicalstation.com> and <eclinicalstation.net> to eClinicalWorks.

3.

This action is brought under the Lanham Act, 15 U.S.C. §§ 1125 et seq, O.C.G.A. § 10-1-451(b), O.C.G.A. § 10-1-372, O.C.G.A § 13-6-11, Mass. G.L. c. 93A, §§ 2, 11 and Georgia and Massachusetts common law.

**PARTIES**

4.

eClinicalWorks is a Massachusetts limited liability company with its principal place of business located at 2 Technology Drive, Westborough, Massachusetts  01581, and a Georgia office at 555 North Point Center East, Suite 515, Alpharetta, Georgia  30022.

5.

Defendant dWise Healthcare is an Indian company with its headquarters at No. 588, HMT Layout, Vidyaranyapura, Bangalore, Karnataka 560097, India.  It has operations and offices in the United States located at 2450 Peralta Boulevard, Suite 217, Fremont, California  94536, at 13610 Barrett Office Dr, Suite 105,

Manchester, Missouri  63021, and at 4320 Winfield Road, Suite 200, Warrenville, Illinois  60555.  Defendant dWise Healthcare further conducts business in the United States through its ownership and control of Defendant dWise Solutions.

6.

Defendant dWise Solutions is a Georgia limited liability company that can be served with process via its registered agent, Adam Slipakoff, 3350 Riverwood Parkway, Suite 1550, Atlanta, Georgia  30339.  Defendant dWise Solutions also maintains an office at 2450 Peralta Boulevard, Suite 217, Freemont, California 94536.  It can also be served with process via its Chief Operating Officer and registered agent in California, Madhukar Hittuvalli, 820 Phoenix Court, Freemont, California 94539.

<strong>JURISDICTION AND VENUE</strong>

7.

dWise Solutions is a Georgia-registered company and subject to the personal jurisdiction of this Court.

8.

dWise markets and sells products and/or services in Georgia and actively solicits business in Georgia and within this judicial district.

4

9.

This Court has jurisdiction over the subject matter of this action pursuant to

15 U.S.C. §§ 1114, 1116(a), 1121, and 1125(a) and 28 U.S.C. §§ 1331, 1338, and

1367.

10.

Jurisdiction and venue are proper in this district pursuant to 28 U.S.C.

§ 1391(b) and (c) because Defendants have sufficient contacts with Georgia to

subject them to personal jurisdiction.

## FACTUAL BACKGROUND

### eClinicalWorks' Business, Trademarks, and Service Marks

11.

eClinicalWorks is a healthcare software and technology company.  Since the

early 2000s, eClinicalWorks has provided software and other technology products

and services involving or related to electronic medical records ("EMR") and

electronic health records ("EHR"), and healthcare practice management.

eClinicalWorks' products and services include its electronic health information

system, practice management system, revenue cycle management services, online

patient portal, mobile device system, patient messenger system, and patient care

coordination system.

12.

eClinicalWorks uses a family of trademarks and service marks to promote and denote its services that are recognized by the public as being uniquely representing and associated with the eClinicalWorks brand, its services and products, and the high quality and excellent reputation of eClinicalWorks (the "eClinical Marks."

13.

The eClinical Marks include, but are not limited to, ECLINICALWORKS®, ECLINICALWEB®, ECLINICALMESSENGER®, ECLINICALMOBILE®, ECLINICALWORKS P2P®, ECLINICALWORKS NIMBUS®, ECLINICALWORKS SCRIBE, ECLINICALWORKS COMMUNITY ANALYTICS, ECLINICALWORKS CARE COORDINATION PORTAL, ECLINICALTOUCH, ECLINICALWORKS CARE COORDINATION MEDICAL RECORD, ECLINICALCARE, the ECLINICALWORKS design mark, and similar marks using "eClinical" as a introductory base to denote that the product or service promoted, sold or provided thereunder is from eClinicalWorks.

14.

eClinicalWorks provides healthcare technology products and services to thousands of clients nationwide, including Georgia healthcare providers and practices, under the family of eClinical Marks.

15.

eClinicalWorks' trademarks, service marks, name, brand and intellectual property rights are important assets of the company.

16.

eClinicalWorks first used the mark ECLINICALWORKS® in interstate commerce on September 1, 2001, as a source identifier for its healthcare technology products and services, and continues to use the mark.

17.

eClinicalWorks obtained Federal Registration No. 2,729,199 for ECLINICALWORKS® for "computer programs for electronic medical records and practice management on a computer and manuals for use therewith sold as a unit" on June 24, 2003 (the "ECLINICALWORKS® Mark").  A copy of the U.S. Trademark Registration Certificate is attached as Exhibit 1.

18.

eClinicalWorks first used the mark ECLINICALWEB® in interstate commerce on June 1, 2005, as a source identifier for its healthcare technology products and services, and continues to use the mark.

19.

eClinicalWorks obtained Federal Registration No. 3,166,634 for ECLINICALWEB® for "computer programs for electronic medical records and practice management on a computer and manuals for use therewith sold as a unit" on October 31, 2006 (the "ECLINICALWEB® Mark").  A copy of the U.S. Trademark Registration Certificate is attached as Exhibit 2.

20.

Pursuant to 15 U.S.C. Sections 1065 and 1115(b), both the ECLINICALWORKS® Mark and the ECLINICALWEB® Mark are incontestable, and the registrations for these marks are conclusive evidence of the validity of the ECLINICALWORKS® Mark and the ECLINICALWEB® Mark, eClinicalWorks' ownership of the marks, and eClinicalWorks' exclusive rights to use the marks in connection with the goods identified.

21.

eClinicalWorks first used the mark ECLINICALMESSENGER® in interstate commerce on November 3, 2008, as a source identifier for its healthcare technology products and services, and continues to use the mark.

22.

eClinicalWorks obtained Federal Registration No. 3,822,605 for ECLINICALMESSENGER® for "computer software for controlling and managing patient medical information" and for "electronic data transmission" on July 20, 2010 (the "ECLINICALMESSENGER® Mark").  A copy of the U.S. Trademark Registration Certificate for this mark is attached as Exhibit 3.

23.

eClinicalWorks first used the mark ECLINICALMOBILE® in interstate commerce on November 3, 2008, as a source identifier for its healthcare technology products and services, and continues to use the mark.

24.

eClinicalWorks obtained Federal Registration No. 3,822,603 for ECLINICALMOBILE® for "computer software for controlling and managing patient medical information" and for "providing on-line non-downloadable software for the transmission of electronic health records" on July 20, 2010 (the

"ECLINICALMOBILE® Mark").  A copy of the U.S. Trademark Registration

Certificate for this mark is attached as <u>Exhibit 4</u>.

25.

eClinicalWorks first used the mark ECLINICALWORKS P2P® in interstate

commerce on September 12, 2009, as a source identifier for its healthcare

technology products and services, and continues to use the mark.

26.

eClinicalWorks obtained Federal Registration No. 4,014,335 for

ECLINICALWORKS P2P®  for "computer software for controlling and managing

patient medical information" on August 23, 2011 (the "ECLINICALWORKS

P2P® Mark").  A copy of the U.S. Trademark Registration Certificate for this

mark is attached as <u>Exhibit 5</u>.

27.

eClinicalWorks first used the ECLINICALWORKS hexagon design mark in

interstate commerce on February 1, 2011, as a source identifier for its healthcare

technology products and services, and continues to use the mark.

28.

eClinicalWorks obtained Federal Registration No. 4,222,505 for the

ECLINICALWORKS hexagon design mark for "computer software for controlling

and managing patient medical information and for medical practice management"

on October 9, 2012 (the "ECLINICALWORKS Registered Design Mark").  A

copy of the U.S. Trademark Registration Certificate for this mark is attached as

Exhibit 6.

29.

eClinicalWorks first used the mark ECLINICALWORKS NIMBUS® in

interstate commerce on September 25, 2012, as a source identifier for its healthcare

technology products and services, and continues to use the mark.

30.

eClinicalWorks obtained Federal Registration No. 4,313,151 for the

ECLINICALWORKS NIMBUS® for "providing access to on-line, non-

downloadable software for controlling and managing electronic health records and

patient health and medical information, and for medical practice management", for

"providing on-line, non-downloadable software for controlling and managing

electronic health records and patient health and medical information, and for

medical practice management", and for "providing an on-line database featuring

patient health and medical information and for medical practice management" on

April 2, 2013 (the "ECLINICALWORKS NIMBUS® Mark").  A copy of the U.S.

Trademark Registration Certificate for this mark is attached as Exhibit 7.

11

31.

Pursuant to 15 U.S.C. Section 1115(a), the registrations attached as Exhibits 3 – 7 are prima facie evidence of the validity of the ECLINICALMESSENGER® Mark, the ECLINICALMOBILE® Mark, the ECLINICALWORKS P2P® Mark, the ECLINICALWORKS Registered Design Mark, and the ECLINICAL NIMBUS® Mark, and these registrations are prima facie evidence of eClinicalWorks' ownership of these marks and eClinicalWorks' exclusive rights to use these marks in connection with the goods and services identified.

32.

eClinicalWorks also owns the following pending intent-to-use trademark applications for various healthcare software and technology products and services, all of which have been allowed by the U.S. Trademark Office:

- ECLINICALWORKS SCRIBE, Application Serial No. 85/437,642, filed October 3, 2011;

- ECLINICALWORKS COMMUNITY ANALYTICS, Application Serial No. 85/547,672, filed February 20, 2012;

- ECLINICALWORKS CARE COORDINATION PORTAL, Application Serial No. 85/547,682, filed February 20, 2012;

- ECLINICALTOUCH, Application Serial No. 85/577,329, filed March 22, 2012;

- ECLINICALWORKS CARE COORDINATION MEDICAL RECORD, Application Serial No. 85/622,043, filed May 10, 2012; and

- ECLINICALCARE, Application Serial No. 85/696,434, filed August 6, 2012.

These marks and applications are collectively referred to as the "eClinical Applications."

33.

The eClinical Marks are distinctive and well known within the healthcare and health information technology industries and have accumulated substantial goodwill based on their longstanding use by eClinicalWorks in the market, the marks' success in the marketplace, and the extensive advertising, marketing and media exposure of the eClinical Marks.

34.

eClinicalWorks has spent millions of dollars in advertising its products and services offered under the eClinical Marks.

35.

eClinicalWorks markets its products and services under the eClinical Marks through advertisements in national publications, direct mailings, online, trade shows and other marketing correspondence, materials and efforts.

36.

eClinicalWorks' marketing efforts include the operation of its website located at <eclinicalworks.com>.

37.

eClinicalWorks also owns domain names, such as <eclinicalweb.com> and <eclinicalmobile.com>, which it uses in connection with its healthcare software and technology products and services.

**dWise's Business**

38.

dWise Healthcare is an information technology and software company that provides healthcare software and technology products and services.

39.

Defendant dWise Solutions is a healthcare software and technology company that was formed on or about March 7, 2012.  See Exhibit 8.

40.

Defendant dWise Solutions is a subsidiary or otherwise owned and controlled by Defendant dWise Healthcare, and Defendants have the same officers.

41.

Defendants provide software and other technology products and services involving or related to EHR and healthcare practice management to the healthcare industry under the name "eClinicalStation."

42.

The EHR and healthcare practice management products and services offered by eClinicalStation are virtually identical to and compete with eClinicalWorks' products and services.

43.

Defendants are marketing their "eClinicalStation" EHR and healthcare practice management products and services and business in the same market and to the same customers of healthcare software and technology products and services as eClinicalWorks.

44.

Defendant dWise Healthcare owns the domain names <eclinicalstation.com> and <eclinicalstation.net>, which its CEO, Riyad Rasheed, registered on or about

September 15, 2011.  A true and correct copy of the WHOIS registration information for these domain names is attached as Exhibit 9.

45.

Upon information and belief, Defendant dWise Healthcare owns the websites located at the <eclinicalstation.com> and <dwisesolutions.com> domain names.  Defendants cross-link these websites together and use them to promote their EHR and healthcare practice management products and services under the "eClinicalStation" name.

46.

Defendants use the term "eClinicalStation" in other places besides their websites to promote and sell their EHR and healthcare practice management products and services, such as on Facebook and Linkedin.

47.

Defendants did not begin using "eClinicalStation" or the <eclinicalstation.com> domain name until late 2011 or early 2012.  Defendants therefore began using the term "eClinicalStation" in commerce well after eClinicalWorks began using and registered the eClinical Marks, and after the ECLINICALWORKS® Mark and ECLINICALWEB® Mark became incontestable.

16

48.

By letter of September 27, 2012 (the "Demand Letter"), eClinicalWorks demanded that dWise cease and desist from further use of the eClinical Marks, including "eClinicalStation", the <eclinicalstation.com> domain name, and any substantially similar name because eClinicalStation is and was confusing to, and likely to confuse, consumers about dWise's connection to eClinicalWorks, that dWise was infringing eClinicalWorks' registered and family of marks and dWise was engaged in unfair competition.

49.

dWise subsequently acknowledged receipt of the Demand Letter, but refused to comply with eClinicalWorks' demands and instead threatened to sue eClinicalWorks for defamation if it pursued enforcing its rights.

50.

Since receiving the Demand Letter, Defendants have willfully continued to use the confusingly similar "eClinicalStation" name and domain names in connection with their healthcare software and technology business and have expanded their activities and business in the United States.

17

51.

In December 2012, the CEO of dWise claimed in THE ECONOMIC TIMES that eClinicalStation was "a huge hit" in the United States.  The same news article also states that dWise had sold eClinicalStation or a "similar US-specific-app" to "15 American hospitals," and that dWise had "invested close to $1 million in eClinical Station; over the next two years it sees spending another $2 million for the purpose.  It has already launched a similar initiative in the U.S., covering 15 hospitals."  THE ECONOMIC TIMES, *Start-up dWise provides online record of patients & alerts against prescribing 'wrong' drug*, December 2, 2012, a true and correct copy of which is attached as Exhibit 10.

**Likelihood of Confusion Between The eClinical Marks and "eClinicalStation"**

52.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> domain name is likely to cause confusion with the eClinical Marks.

53.

"eClinicalStation," <eclinicalstation.com>, and <eclinicalstation.net> are substantially and confusingly similar to the eClinical Marks.

18

54.

As set forth supra, both eClinicalWorks and Defendants directly compete for customers in the health information technology field.

55.

As set forth supra, eClinicalWorks and Defendants offer competing similar and/or related products and services.

56.

As set forth supra, both eClinicalWorks and Defendants promote their products and services on the Internet.

57.

Defendants' use of "eClinicalStation", the <eclinicalstation.com> and <eclinicalstation.net> domain names, or any confusingly similar mark creates a false impression of association, affiliation, connection, endorsement or sponsorship of Defendants by eClinicalWorks.  Defendants' use of "eClinicalStation", the <eclinicalstation.com> and <eclinicalstation.net> domain names, or any confusingly similar mark to the eClinical Marks is deceptive and fraudulent.

58.

Defendants' use of "eClinicalStation", the <eclinicalstation.com> and <eclinicalstation.net> domain names, and any derivative thereof, violates

eClinicalWorks' superior and exclusive rights in the eClinical Marks, and violates eClinicalWorks' incontestable rights in the ECLINICALWORKS® Mark and the ECLINICALWEB® Mark.

59.

Defendants' actions have caused, and continue to cause, irreparable harm to eClinicalWorks.  Consequently, eClinicalWorks engaged counsel to enforce the company's legal rights.

60.

Defendants are aware of eClinicalWorks' products and services, as well as eClinicalWorks' trademarks and service marks, including the eClinical Marks.

61.

Defendants have willfully and unlawfully attempted to trade on the commercial value, reputation and goodwill of eClinicalWorks and its eClinical Marks and have deliberately and intentionally confused and deceived the public.

62.

eClinicalWorks has suffered damages and will suffer irreparable harm as a result of Defendants' wrongful conduct.

## COUNT ONE

## LANHAM ACT § 32
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

63.

eClinicalWorks hereby incorporates and realleges the assertions in

Paragraphs 1 to 62 above as if fully set forth herein.

64.

eClinicalWorks owns the exclusive rights in and to the eClinical Marks.

65.

Despite eClinicalWorks' superior rights, Defendants have adopted and used

the confusingly similar terms "eClinicalStation" and the <eclinicalstation.com>

and <eclinicalstation.net> domain names in interstate commerce for products and

services that are identical, similar and/or related to, and compete with, those of

eClinicalWorks.

66.

Defendants' use of "eClinicalStation", the <eclinicalstation.com> and

<eclinicalstation.net> domain names, or any other confusingly similar marks to

identify, advertise, market or promote their products and services is likely to cause

confusion, mistake, and/or false association among customers as to the source,

origin, affiliation, approval, endorsement, or sponsorship of the parties' and/or their products and services.

67.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names is an intentional attempt to trade off the goodwill of eClinicalWorks and the eClinical Marks.

68.

Defendants have infringed and will continue to infringe eClinicalWorks' rights in the registered eClinical Marks by using "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names, or any other marks identical or confusingly similar to or substantially indistinguishable from eClinicalWorks' registered marks in connection with the sale, offering for sale, marketing, and/or display of competing products and services.

69.

Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

70.

Defendants' acts of infringement have been and continue to be knowing, willful and intentional.

71.

Defendants' infringement has caused and will continue to cause irreparable harm to eClinicalWorks.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinicalWorks will suffer irreparable harm.

72.

As a direct and proximate result of Defendants' infringement, eClinicalWorks has suffered damages in an amount to be determined at trial.

73.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, eClinicalWorks is entitled to preliminary and permanent injunctive relief to prevent damage to eClinicalWorks and to prohibit Defendants from further violations of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

74.

Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), eClinicalWorks is entitled to monetary damages, Defendants' profits, costs, and prejudgment interest.

75.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling eClinicalWorks to recover its attorneys' fees and up to three times its actual damages.

76.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, eClinicalWorks is entitled to a destruction order requiring that Defendants deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "eClinical", "eClinicalStation", or any other marks confusingly similar to the registered eClinical Marks.

## COUNT TWO

### LANHAM ACT § 43(a)
### FALSE DESIGNATION OF ORIGIN
(15 U.S.C. § 1125(a)(1)(A))

77.

eClinicalWorks hereby incorporates and realleges the assertions in Paragraphs 1 to 76 above as if fully set forth herein.

78.

eClinicalWorks owns the exclusive common law rights in the eClinical Marks.

79.

Defendants have used, and continue to use, "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names in interstate commerce in connection with the advertisement and provision of Defendants' healthcare software and technology products and services which compete with the products and services of eClinicalWorks.

80.

By their adoption and use of a confusingly similar name for competing products and services, Defendants have affixed, applied, annexed and/or used false designations of origin and/or false or misleading representations of fact in connection with the sale, offer for sale, distribution, and/or advertising of their products and services in interstate commerce.

81.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names is likely to cause confusion, mistake and

deception as to the affiliation, connection, or association of Defendants with eClinicalWorks.

82.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names is likely to cause confusion, mistake and deception as to the origin, sponsorship, or approval of Defendants' products and services by eClinicalWorks.

83.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names is an intentional attempt to trade off the goodwill of eClinicalWorks and its family of eClinical Marks.

84.

Defendants' conduct constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85.

Defendants' conduct has been and continues to be knowing, willful and intentional.

86.

Defendants' unlawful conduct has caused and will continue to cause irreparable harm to eClinicalWorks.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinicalWorks will suffer irreparable harm.

87.

As a direct and proximate result of Defendants' unlawful conduct, eClinicalWorks has suffered damages in an amount to be determined at trial.

88.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, eClinicalWorks is entitled to preliminary and permanent injunctive relief to prevent damage to eClinicalWorks and to prohibit Defendants from further violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

89.

Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), eClinicalWorks is entitled to monetary damages, Defendants' profits, costs, and prejudgment interest.

90.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling eClinicalWorks to recover its attorneys' fees and up to three times its actual damages.

91.

Pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, eClinicalWorks is entitled to a destruction order requiring that Defendants deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "eClinical", "eClinicalStation", or any other marks confusingly similar to the family of eClinical Marks.

**COUNT THREE**

**LANHAM ACT § 43(d)**
**CYBERSQUATTING**
**(15 U.S.C. § 1125(d))**

92.

eClinicalWorks hereby incorporates and realleges the assertions in Paragraphs 1 to 91 above as if fully set forth herein.

93.

The ECLINICALWORKS®, ECLINICALWEB®,

ECLINICALMESSENGER®, ECLINICALMOBILE®, and

ECLINICALWORKS P2P® marks were all valid and distinctive trademarks and

service marks of eClinicalWorks prior to September 15, 2011 when Defendants

registered the <eclinicalstation.com> and <eclinicalstation.net> domain names.

94.

The <eclinicalstation.com> and <eclinicalstation.net> domain names

registered and used by Defendants are confusingly similar to one or more of the

eClinical Marks.

95.

Defendants had actual or constructive knowledge of eClinicalWorks and/or

one or more of the eClinicalMarks prior to registering and using the

<eclinicalstation.com> and <eclinicalstation.net> domain names.

96.

Defendants have registered and used the <eclinicalstation.com> domain

name to compete with eClinicalWorks.

97.

Defendants intentionally and in bad faith registered and used the

<eclinicalstation.com> and <eclinicalstation.net> domain names for the purpose of

profiting from eClinicalWorks' name and one or more of the eClinical Marks.

98.

Defendants' registration and use of the <eclinicalstation.com> and

<eclinicalstation.net> domain names as described above constitutes cyber piracy in

violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

99.

Defendants have registered the <eclinicalstation.com> and

<eclinicalstation.net> domain names using materially false contact information, by,

for example, registering the domain names in the names of their various officers

instead of the Defendants.

100.

Defendants' conduct has been and continues to be knowing, willful and

intentional.

101.

Defendants' unlawful conduct has caused and will continue to cause

irreparable harm to eClinicalWorks.  Unless Defendants are enjoined from

continuing the aforementioned unlawful acts, eClinicalWorks will suffer irreparable harm.

102.

As a direct and proximate result of Defendants' unlawful conduct, eClinicalWorks has suffered damages in an amount to be determined at trial.

103.

Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, eClinicalWorks is entitled to preliminary and permanent injunctive relief to prevent damage to eClinicalWorks and to prohibit Defendants from further violations of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

104.

Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), eClinicalWorks is entitled to monetary damages, Defendants' profits, costs, and prejudgment interest.

105.

As an alternative to actual damages and Defendants' profits, and at eClinicalWorks' election any time before final judgment, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(d), eClinicalWorks is entitled to statutory

damages of up to one hundred thousand dollars ($100,000.00) per each domain name.

106.

This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), entitling eClinicalWorks to recover its attorneys' fees and up to three times its actual damages.

107.

Pursuant to Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(C), eClinicalWorks is entitled to an order requiring Defendants to transfer to eClinicalWorks the <eclinicalstation.com> and <eclinicalstation.net> domain names, and any other domain name(s) incorporating "eclinical" or otherwise confusingly similar to eClinicalWorks' marks, or an order of forfeiture or cancellation of such domain names of Defendants.

## **COUNT FOUR**

## **COMMON LAW TRADEMARK AND SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION**

108.

eClinicalWorks hereby incorporates and realleges the assertions in Paragraphs 1 to 107 above as if fully set forth herein.

109.

eClinicalWorks first used one or more of the eClinical Marks in Georgia and Massachusetts well before Defendants began using "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names, and since eClinicalWorks' first use of each of the eClinicalMarks, it has continuously used the marks in Georgia and Massachusetts and in conjunction with its website. eClinicalWorks has and maintains all common law rights to the eClinical Marks.

110.

Defendants use of the confusingly similar "eClinicalStation" and <eclinicalstation.com> and <eclinicalstation.net> domain names in connection with the commercial sale, offer for sale, distribution, and/or advertising of their products and services is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants with eClinicalWorks and/or as to the origin, sponsorship, or approval of Defendants' products and services by eClinicalWorks.

111.

Defendants' use of the confusingly similar "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names infringes eClinicalWorks' common law rights to the eClinical Marks.

33

112.

Defendants' unlawful conduct has been and continues to be knowing, willful and intentional.

113.

Defendants' unlawful trademark and service mark infringement has caused and will continue to cause irreparable harm to eClinicalWorks.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinicalWorks will suffer irreparable harm.

114.

As a direct and proximate result of Defendants' trademark and service mark infringement, eClinicalWorks has suffered damages in an amount to be determined at trial.

115.

Pursuant to the common law of Georgia and Massachusetts, and Massachusetts General Laws c. 110H, § 13, eClinicalWorks is entitled to preliminary and permanent injunctive relief to prevent damage to eClinicalWorks and to prohibit Defendants from further infringement of eClinicalWorks' common law trademark and service mark rights.

116.

eClinicalWorks is also entitled to monetary damages from Defendants'

trademark and service mark infringement.

## **COUNT FIVE**

## **TRADEMARK DILUTION**
**(O.C.G.A. § 10-1-451(b)**

eClinicalWorks hereby incorporates and realleges the assertions in

Paragraphs 1 to 116 above as if fully set forth herein.

117.

eClinicalWorks has adopted the eClinical Marks and uses these trademarks

and service marks in Georgia.

118.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> and

<eclinicalstation.net> domain names, which are similar to Plaintiff's eClinical

Marks, is likely to injure eClinicalWorks' business reputation or likely to dilute the

distinctive quality of the eClinical Marks.

119.

Defendants have therefore engaged in, and are continuing to engage in,

trademark and service mark dilution in violation of O.C.G.A. § 10-1-451(b).

120.

Defendants' trademark and service mark dilution has caused irreparable harm to eClinicalWorks.  Unless Defendants are enjoined from continuing the aforementioned unlawful activities, eClinicalWorks will continue to suffer irreparable harm.

121.

Pursuant to O.C.G.A. § 10-1-451(b), eClinicalWorks is entitled to preliminary and permanent injunctive relief.

## COUNT SIX

### VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (O.C.G.A. § 10-1-370 *et seq.*)

122.

eClinicalWorks hereby incorporates and realleges the assertions in Paragraphs 1 to 121 above as if fully set forth herein.

123.

Defendants' use of "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendants with eClinicalWorks.

124.

By its adoption and use of one or more of eClinicalWorks' trademarks and service marks for competing products and services in the same channels of trade and for the same field of customers, Defendants are attempting to pass off their products and services as those of eClinicalWorks.

125.

As detailed above, Defendants' deceptive trade practices have been intentional and willful.

126.

As a result of the foregoing, Defendants are likely to cause damage to eClinicalWorks in violation of O.C.G.A. § 10-1-372.

127.

Unless Defendants are enjoined from continuing the aforementioned infringing and unlawful activities, eClinicalWorks will suffer irreparable harm.

128.

Pursuant to O.C.G.A. § 10-1-373, eClinicalWorks is entitled to preliminary and permanent injunctive relief as well as attorneys' fees and costs of this action.

## COUNT SEVEN

## ATTORNEY'S FEES AND EXPENSES
### (O.C.G.A. § 13-6-11)

129.

eClinicalWorks hereby incorporates and realleges the assertions in paragraphs 1 to 128 above as if fully set forth herein.

130.

Defendants have acted in bad faith, and/or have been stubbornly litigious, and/or have caused eClinicalWorks unnecessary trouble and expense.

131.

eClinicalWorks is therefore entitled to recover its attorneys' fees and expenses incurred in this action under O.C.G.A. § 13-6-11.

## COUNT EIGHT

## UNFAIR COMPETITION IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A
### (Mass. G.L. c. 93A, §§ 2, 11)

132.

eClinicalWorks hereby incorporates and realleges the assertions in Paragraphs 1 to 131 above as if fully set forth herein.

133.

eClinicalWorks and Defendants are engaged in commerce in Massachusetts within the meaning of Mass. G.L. c. 93A, §§ 2, 11.

134.

eClinicalWorks first used one or more of the eClinical Marks in Massachusetts well before Defendants, and since eClinicalWorks' first uses of each mark, eClinicalWorks has continuously used the marks in Massachusetts and in conjunction with its website.

135.

At the time Defendants commenced their activities at issue in this action in Massachusetts, Defendants knew or should have known about eClinicalWorks and/or its rights in the eClinical Marks.

136.

Despite their knowledge, Defendants knowingly and willfully started using "eClinicalStation" and the <eclinicalstation.com> and <eclinicalstation.net> domain names, which are substantially and confusingly similar to eClinicalWorks' name and the eClinical Marks.

137.

Defendants' conduct has created a likelihood of confusion in violation of eClinicalWorks' rights and constitutes unfair competition in violation of Mass. G.L. c. 93A, §§ 2, 11.

138.

Defendants' conduct has been and continues to be knowing, willful and intentional.

139.

Defendants' unlawful conduct has caused and will continue to cause irreparable harm to eClinicalWorks.  Unless Defendants are enjoined from continuing the aforementioned unlawful acts, eClinicalWorks will suffer irreparable harm.

140.

As a direct and proximate result of Defendants' unlawful conduct, eClinicalWorks has suffered damages in an amount to be determined at trial.

141.

Pursuant to Mass. G.L. c 93A, §§ 11, eClinicalWorks is entitled to preliminary and permanent injunctive relief against Defendants' unfair

competition, actual damages, enhanced damages up to three times actual damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff eClinicalWorks, LLC demands a jury trial on all claims so triable and prays for judgment as follows:

(a)      The Court enter judgment that Defendants have engaged in trademark and service mark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), have engaged in false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), have engaged in cybersquatting in violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), have engaged in common law trademark and service mark infringement and unfair competition, have engaged in trademark and service mark dilution in violation of O.C.G.A. § 10-1-451(b), have engaged in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-372), and have engaged in unfair competition in violation of Massachusetts General Laws, Chapter 93A, §§ 2, 11.

(b)      On eClinicalWorks' First and Second Claims for Relief, damages, disgorgement of Defendants' profits, enhanced damages, attorneys' fees, costs, prejudgment interest, preliminary and permanent injunctive relief prohibiting

Defendants from further violations of the Lanham Act, and a destruction order requiring that Defendants deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing "eClinical", "eClinicalStation", or any other marks confusingly similar to the eClinical Marks.

(c)     On eClinicalWorks' Third Claim for Relief, damages, disgorgement of Defendants' profits, enhanced damages, attorneys' fees, costs, prejudgment interest, an order transferring the <eclinicalstation.com> and <eclinicalstation.net> domain names, and any other domain names of Defendants incorporating "eclinical" or other similar terms, to eClinicalWorks, or an order of forfeiture or cancellation of all such domain names, and preliminary and permanent injunctive relief prohibiting Defendants from registering, owning, using or trafficking in any domain names incorporating "eclinical" or other similar terms.

(d)     On eClinicalWorks' Fourth Claim for Relief, damages and preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's common law trademark and service mark rights.

(e)     On eClinicalWorks' Fifth Claim for Relief, preliminary and permanent injunctive relief prohibiting further dilution of Plaintiff's trademarks and service marks.

(f)     On eClinicalWorks' Sixth Claim for Relief, preliminary and permanent injunctive relief prohibiting further violations of Georgia's Uniform Deceptive Trade Practices Act (O.C.G.A. § 10-1-370 *et seq.*), attorneys' fees and costs.

(g)     On eClinicalWorks' Seventh Claim for relief, attorneys' fees and costs.

(h)     On eClinicalWorks' Eighth Claim for Relief, damages, enhanced damages, attorneys' fees, costs, and preliminary and permanent injunctive relief prohibiting Defendants from further violations of Mass. G.L. c. 93A, §§ 2, 11.

(i)     On each of eClinicalWorks' claims for relief, such further and other relief as the Court deems just and proper.

## **Demand for Jury Trial**

eClinicalWorks demands a trial by jury on all issues so triable.

Respectfully submitted this 15th day of May 2013.

/s/ **Eric P. Schroeder**

Eric P. Schroeder
Georgia Bar No. 629880
eric.schroeder@bryancave.com
Damon J. Whitaker
Georgia Bar No. 752722
damon.whitaker@bryancave.com
James J. Gibson
Georgia Bar No. 415078
james.gibson@bryancave.com

BRYAN CAVE LLP
One Atlantic Center – Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Telephone:   (404) 572-6600
Facsimile:   (404) 572-6999

*Attorneys for Plaintiff eClinicalWorks, LLC*

#6283429_3